**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**NEWTON JONES,**<br>**WILLIAM CREEDEN,**<br>**KATERYNA (KATE) JONES, and**<br>**LAWRENCE McMANAMON,**<br><br>**Defendants.** | **Case No. 2:24-cr-20070-DDC-TJJ** |

**UNITED STATES' RESPONSE IN OPPOSITION**
**TO DEFENDANT WILLIAM CREEDEN'S MOTION TO**
**COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

Now comes the United States of America, by Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and respectfully responds in opposition to Defendant William Creeden's Motion to Compel Disclosure of Exculpatory Evidence (doc. 284). Defendant Creeden's motion should be denied because it lacks merit: the records requested are not in the possession of the United States Attorney's Office, but rather, are in the possession of a third-party government agency who is not part of the prosecution team.

## I.   BACKGROUND

The Bank of Labor is a banking institution headquartered in Kansas City, Kansas. The Boilermakers Union owned shares of stock in the Bank of Labor's holding company and held several accounts at the Bank of Labor. From on or about 2009 until August 2023, Defendant Newton Jones served as Chairman of the Board of Directors of the Bank of Labor and held the title Chief Executive Officer. From on or about 2009 until August 2023, Defendant

William Creeden served as a member of the board of directors of the Bank of Labor and held the title Senior Executive Vice-President of the Bank of Labor.

Count One of the Indictment charges Defendants with RICO conspiracy. Count One alleges that as a part of the conspiracy, Defendants Newton Jones and William Creeden:

a) extended $7 million dollars in unauthorized loans of Boilermakers Union funds to the Bank of Labor. (Doc. 1 at ¶ 40);

b) leveraged the Boilermakers Union's partial ownership in the Bank of Labor to obtain executive-level employment positions for themselves with the Bank of Labor, enriching themselves with large salaries and other compensation for which they performed no services. (Doc. 1 at ¶¶ 41-43); and

c) received payments from the Bank of Labor Retirement Plan when they were not eligible to participate in that plan and were not eligible to receive those payments. (Doc. 1 at ¶ 44);

These allegations form the basis of embezzlement of union funds through loans to the Bank of Labor (Doc. 1 at p. 44- Count 48), wire fraud conspiracy based on Defendant Jones' and Creeden's bank employment (Doc. 1 at pp. 51 to 55- Count 53), and theft from an ERISA plan in the form of payments from the Bank of Labor Retirement Plan (Doc. 1 at pp. 56-57 Counts 54–57).

As part of the investigation, on June 9, 2023, the government served a grand jury subpoena request on the Federal Deposit Insurance Corporation (FDIC) (Federal Grand Jury Subpoena 2021R00293-035). **See Attachment A**, **FDIC Subpoena.** At that time, the government's investigation was focused on conduct within the ten-year statute of limitations for fraud affecting a financial institution: 2015 to 2023. Within that framework, the government issued the grand jury subpoena that requested records between "January 1, 2015 to Ongoing". The subpoena requested records regarding the "Safety and soundness reports,

2

exams, work papers, notes, among any other information derived from bank oversight functions during the above period." *Id*.

Pursuant to its corporate role, the FDIC operates a Division of Risk Management Supervision ("RMS") that is responsible, in part, for examining and recommending courses of action for FDIC-insured banks. As part of that role, the FDIC-RMS conducted – and continues to conduct– examinations of Bank of Labor.

On or about July 7, 2023, the FDIC complied with the government's request.   On that date, Ray Rivard, an FDIC employee at 1100 Walnut Street, Kansas City, MO 64106, provided the requested examination records for the Bank of Labor, via secure file transfer portal.  **See Attachment B**, **FBI Report of FDIC Subpoena Compliance.**

Those records consisted of nearly 500 documents which were provided to defendants on December 16, 2024 (bates # RD3_JONES_1134796 to RD3_JONES_1139317). **See Attachment C**, **Discovery Letter, Dec. 16, 2024**.[1]

The government did not otherwise rely on the FDIC as part of its investigation.

## II.    ARGUMENT AND AUTHORITIES

It is well settled under *Brady v. Maryland*, *Giglio v. United States*, and their progeny that the United States must disclose exculpatory and impeachment evidence to the defense where that evidence is "material"—that is, where "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley,* 514 U.S. 419, 433 (1995) (quoting *United States v. Bagley*, 473 U.S. 682 (1985)); *see Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009). This

---

[1] In responding to the defendant's letter on March 11, 2026, the government believed the FDIC records previously provided in the discovery had come from a subpoena request to Bank of Labor, but was mistaken.

obligation extends to evidence not only in the possession of the assigned prosecutor, but to "law enforcement personnel and other arms of the state involved in investigative aspects of a particular criminal venture." *McCormick v. Parker*, 821 F.3d 1240, 1247 (quoting *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 824 (10th Cir. 1995)).

However, "*Kyles* cannot be read as imposing a duty upon the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue." *United States v. Pelullo*, 399 F.3d 197, 216 (3d Cir. 2005); *accord United States v. Webb*, 651 Fed. Appx. 740, 744 (10th Cir. 2016) (observing that the prosecution "is not required to disclose information . . . in the possession of a separate federal agency not involved in the prosecution or investigation of the present case.").

### A. The FDIC Records Sought by Defendant Creeden Are Not in the Possession of the Government

In December 2024, the government delivered all the records in its possession from the FDIC to defendants in discovery. Defendant Creeden, and the rest of the defendants, have thus possessed all of the FDIC records in this matter for more than sixteen (16) months. Should Defendant Creeden desire additional records from the FDIC at this stage, the government is in no better position to obtain them by subpoena.

### B. The FDIC is Not Part of the Prosecution Team

For *Brady* purposes, the "prosecution" includes not only the individual prosecutor handling the case, but also the prosecutor's entire office, "as well as law enforcement personnel and other arms of the state involved in investigative aspects of a particular criminal venture." *McCormick v. Parker*, 821 F.3d 1240, 1247 (10th Cir. 2016) (citing *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 824 (10th Cir. 1995)); *United States v. LaValle*, 439 F.3d 670, 698 n. 19 (10th Cir. 2006); *United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008)

("[A] federal prosecutor is charged with knowledge of information possessed by other agents of the federal government when those agents are a part of a 'prosecution team,' which includes federal personnel involved in the investigation as well as the prosecution of a case."). "Accordingly, [a court will] impute knowledge of material impeachment evidence to the prosecutor for Brady purposes when that knowledge is in the possession of other 'agents of the prosecution.'" *McCormick*, *supra* (*citing Smith*, 50 F.3d at 824-25); *see also United States v. Combs*, 267 F.3d 1167, 1174-75 (10th Cir. 2001) (*Brady* is interpreted broadly to encourage prosecutors to carry out their "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case") (*quoting Kyles*, 514 U.S. at 437-38).

To this end, "[a] prosecutor may have a duty to search files maintained by other 'governmental agencies *closely aligned with the prosecution*' when there is 'some reasonable prospect or notice of finding exculpatory evidence.' " *Burton*, 81F. Supp. 3d at 1249 (citation omitted, emphasis added). "The key to the analysis … is the level of involvement between the United States Attorney's Office and the other agencies." *United States v. Upton*, 856 F.Supp. 727, 749 (E.D.N.Y. 1994).

In this matter, the FDIC-RMS performed solely civil and administrative functions and played no role in the government's criminal investigation. The USAO had no control over the FDIC-RMS's actions or the actions of any FDIC agency. The USAO was not engaged in a joint investigation with the FDIC. No member of the FDIC assisted with the prosecution. There are no parallel proceedings with the FDIC.

Accordingly, the FDIC is not part of the prosecution team in this case. The fact that the FDIC-RMS performed non-criminal examinations of the Bank of Labor does not mean that the FDIC may properly be considered part of the prosecution team. *See id*.; *United States*

5

*v. Morris*, 80 F.3d 1151, 1170 (7th Cir. 1996) (denying relief under *Brady* where, *inter alia*, neither the Office of Thrift Supervision, SEC nor IRS were part of the team that investigated the case or participated in its prosecution); *United States v. Brodnik*, 710 F. Supp. 2d 526, 545 (S.D. W.Va. 2010) (denying defendant's motion for discovery of materials gathered by IRS where there was no indication that the prosecution and the IRS engaged in a joint investigation, shared labor and resources, or that the prosecution had any sort of control over the IRS officials who promulgated said materials); *see also United States v. Wilmington Trust Corp.*, No. 15-23-RGA, 2016 WL 3749860, at *2 (D. Del. July 12, 2016) (denying motion to compel where there was no evidence in the record that suggested the SEC or the Federal Reserve "were in any way acting on directives from or under the control of the USAO in pursuing their own regulatory and enforcement objectives related to the bank).

## Conclusion

WHEREFORE, the Government respectfully requests that the Court deny Defendant William Creeden's Motion to Compel.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By:  */s/Faiza H. Alhambra*
FAIZA H. ALHAMBRA
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Faiza.Alhambra@usdoj.gov
Kan. S. Ct. No. 24525

By:  */s/ Jabari B. Wamble*
JABARI WAMBLE
Assistant United States Attorney

6

500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Jabari.wamble@usddoj.gov
Kan. S. Ct. No. 22730

By: */s/ Vincent Falvo*
VINCENT FALVO
Trial Attorney
Violent Crime and Racketeering Section
United States Department of Justice
1301 New York Avenue, NW, Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

7

8

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

*/s/ Faiza H. Alhambra*
Faiza H. Alhambra
Assistant United States Attorney

8