UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

Case No. 2:24-cr-20070-DDC

**Defendant William Creeden's Response to the
Government's Request for Advisory "Caution"**

**Table of Contents**

Response ........................................................................................................................3

I.      Charging Decisions: No relief is warranted. ............................................................ 4

        A.      The issue needs no ruling. ................................................................................ 4

        B.      The government is wrong. ................................................................................ 5

II.     Lack of Prior Criminal History: No relief is warranted. .......................................... 7

Certificate of Service.......................................................................................................... 8

2

Defendant William Creeden files this response to the government's request for a caution about charging decisions and lack of prior criminal history.

## Response

The government seeks an advance caution about the hypothesized use of charging decisions and prior criminal history in examinations and closing arguments. The ask sweeps far beyond any proper limit on selective-prosecution argument. It would chill admissible impeachment, state-of-mind evidence, good-faith evidence, and character evidence.

No selective-prosecution issue is ripe. Creeden does not ask the jury to decide whether the government charged too many people or too few. The only ripe issue is not seriously debatable: The government may not use the phrase "charging decisions" to block cross-examination that exposes bias, motive, interest, or incentive. *See, e.g.*, *United States v. Toles*, 297 F.3d 959, 967 (10th Cir. 2002) ("A defendant's Confrontation Clause rights are violated when he is prohibited from engaging in otherwise appropriate cross-examination designed to elicit the witness' bias and a reasonable jury might have received a significantly different impression of the witness' credibility."). The criminal-history issue is likewise unripe. Creeden has not offered freestanding "no prior criminal history" evidence. Nor has he asked to prove character through specific acts.

There have been enough distractions already, and the government's proposal would create new side disputes over protected evidence that has not yet been offered. The ordinary process is enough: wait for a real question, make a real objection if necessary, and let the Court decide a real issue.

**I.      Charging Decisions: No relief is warranted.**

   **A.      The issue needs no ruling.**

The Court need not decide any selective-prosecution issue because none is ripe. Creeden does not ask for a selective-prosecution ruling. Nor does he ask to argue that the jury should acquit because the government charged unfairly.

A blanket caution would create the very problem the government says it wants to avoid. It would risk deterring cross-examination about cooperator bias. It would also risk deterring evidence of intent and good faith. The Court can police true selective-prosecution argument if it appears. It should not preemptively restrict admissible proof.

The record confirms why no blanket ruling is needed. The government has made cooperators central to its case. Their plea benefits, avoided exposure, dismissed charges, and cooperation incentives will bear directly on credibility. The government also has put legal-review materials, expenditure authority, and LMRDA obligations before the jury. Those same subjects may bear on notice, good faith, lack of intent, and reasonable doubt.

Context matters here. The same words may be improper if offered to invite nullification, but proper if offered to expose a cooperator's incentive, explain a witness's motive, or rebut criminal intent. The Court should decide those issues only when they arise.  The same point defeats any abstract Rule 403 argument. Rule 403 balancing depends on the evidence offered, its purpose, its probative value, the risk of unfair prejudice or confusion, and whether narrower alternatives would address any legitimate concern. That balancing cannot be done through an advisory caution about evidence not yet offered.

The ordinary trial process fully protects the government's legitimate concern. If a question or closing argument actually asks the jury to decide selective prosecution, the government can object, and the Court can rule in context.

### B.    The government is wrong.

The government is wrong because it treats every reference to charging choices as selective prosecution. Cross-examining a cooperating witness about what he gained, what he avoided, and what he still hopes to receive is not selective prosecution. It is confrontation.

Exposing a witness's motive to testify is a proper and important function of cross-examination. *See, e.g.*, *Davis v. Alaska*, 415 U.S. 308, 316–17 (1974). This Circuit's decision in *United States v. Mullins*, 613 F.3d 1273, 1283 (10th Cir. 2010), is one of many applicable cases. In that white-collar prosecution, the court held that a cooperator's "deal with the government was undoubtedly fair game for cross-examination." *Id.* It mattered because it showed what the witness stood to gain. *Id.* District of Kansas authority follows the same line. *See, e.g.*, *United States v. Tao*, No. 19-20052-JAR, 2022 WL 252019, at *5 (D. Kan. Jan. 27, 2022) ("Defendant is entitled to cross-examine witnesses on their possible biases and motives as a means of attacking their credibility.").

That well-established line of authority applies here. The defense may not ask the jury to acquit because the government charged unfairly. But the government may not block evidence and argument bearing on bias, credibility, motive, intent, good faith, and reasonable doubt. And a cooperator's motive depends *on the whole bargain*. It does not

depend only on the label "plea agreement." A jury cannot fairly assess credibility if it hears only that a witness is "cooperating." It must also hear what cooperation bought. *See, e.g.*, *Davis*, 415 U.S. at 316-17; *Mullins*, 613 F.3d at 1283.

The Court should also distinguish charging-choice evidence from reviewer evidence. Reviewer evidence concerns otherwise admissible evidence about what lawyers, union bodies, auditors, regulators, or similar oversight actors did or said when they reviewed the challenged conduct. That evidence is not offered to prove that those actors should have been charged. It is offered to prove Creeden's state of mind: what he knew, what he was told, what was approved, and whether he reasonably understood the conduct as authorized or lawful. That is intent and good faith evidence, not selective prosecution.

The government's concerns do not require a blanket rule. They require ordinary objections. If a question asks only why the prosecutor charged one person and not another, the Court can address that question then. If a question asks what benefit a witness received, what exposure he avoided, what charges disappeared, or what he expects in return for testimony, the answer is different. That question goes to credibility.

The same is true at closing. If argument slides into selective prosecution, the Court can stop it. But if argument asks the jury to evaluate bias, motive, intent, good faith, or reasonable doubt based on admitted evidence, the argument is proper. The Court should not collapse those distinct uses before hearing the question, the answer, or the argument.

6

**II.      Lack of Prior Criminal History: No relief is warranted.**

Creeden addresses this issue only because the government seeks a caution as to all Defendants. The Court need not rule on lack of prior criminal history now. Creeden has not attempted to prove law-abiding character through inadmissible specific instances. Again, the ordinary trial process solves this issue: hear the proffer, hear the question, and decide the issue in context.

## Conclusion

The Court should deny the government's request.

Respectfully submitted,

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns

8