UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

NEWTON JONES (01),
WILLIAM CREEDEN (02),
KATERYNA JONES (03),
LAWRENCE MCMANAMON (05),

    *Defendants*.

Case No. 2:24-cr-20070-DDC

**Defendant William Creeden's Rule 29(a) Brief on Count 53**

**Table of Contents**

Argument: Count 53 Fails ................................................................................. 3

I.    No deception. ................................................................................. 4

    A.    Deception is required ................................................................. 4

    B.    No deception was proven. ........................................................... 4

    C.    No Bank ignorance was proven. .................................................. 5

II.    No decisional influence. .................................................................. 6

    A.    Decisional influence is required. ................................................ 6

    B.    No decisional influence was proven. .......................................... 6

III.    No money-or-property object. ........................................................ 7

    A.    The law requires money or property as the scheme's object. ...................... 7

    B.    The LM-30 and Conflict Policy theories are not Bank property. ................. 8

    C.    The compensation was Bank property, lawfully deployed. ......................... 8

Conclusion ................................................................................................. 9

Certificate of Service .................................................................................. 10

Defendant William Creeden has moved generally pursuant to Rule 29(a) for a judgment of acquittal as to all counts on all grounds. Doc. 406. Mr. Creeden maintains that motion in full without reservation, seeking a judgment of acquittal as to all counts on all grounds. In addition to and without waiving, forfeiting, or otherwise compromising any aspect of that general motion, Mr. Creeden submits that a judgment of acquittal is warranted for the additional reasons given by this brief regarding Count 53.

### Argument: Count 53 Fails

Count 53's supposed wire fraud on the Bank of Labor requires deception, decisional influence, and money or property as the object. The government proved none.

First, the government proved no *deception*. It identified no false timesheet, no Bank-hours certification, and no representation by Mr. Creeden that caused any Bank decisionmaker to harbor a false impression. The truth was out in the open all along.

Second, the government proved no decisional influence. The Bank board made the compensation decisions at issue with full information, and the government proved no false statement capable of meaningfully influencing that process. All decisions were informed.

Third, the government proved no money-or-property object. The compensation was Bank property, but the Bank deployed that property through its own standard governance means. Without being misled in any way, the board appointed Mr. Creeden, set his salary, reviewed his role, voted bonuses, and changed nothing after investigation. In other words, even if the government could point to some missing detail somewhere, that missing detail never moved the money or property at issue.

## I.    No deception.

### A.    Deception is required

Wire fraud requires both deception and a money-or-property object. *See, e.g.*, *Kousisis v. United States*, 605 U.S. 114, 125 (2025) (defendant must "both engage[] in deception" and have money or property "as an object of his fraud"). A scheme to defraud is conduct "reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Drake*, 932 F.2d 861, 864 (10th Cir. 1991); *see United States v. Welch*, 327 F.3d 1081, 1104 (10th Cir. 2003). And the false-pretenses clause demands proof of "particular false pretenses, representations or promises." *United States v. Cochran*, 109 F.3d 660, 664 (10th Cir. 1997). The government did not prove that.

### B.    No deception was proven.

The government failed to prove beyond a reasonable doubt that Mr. Creeden *used some deceptive means* to obtain Bank compensation. Instead, the evidence showed no false time sheet, no Bank-hours certification, no full-time representation, and no deceptive act by Mr. Creeden otherwise. The government has a theory about what people might have assumed. It has no statement by Mr. Creeden that deceives anyone.

Bank president Robert McCall identified no false time sheet, no certification of Bank hours, and no representation by Mr. Creeden that caused any Bank officer or director to approve compensation. Tr. Day 11 at 79–94. Mr. Creeden's Senior Executive Vice President duties were the same as his director duties. Tr. Day 11 at 93. The compensation followed the title, and the Bank board conferred the title. Tr. Day 11 at 79, 111.

The "two full-time jobs" point is rhetoric, not deception. No witness identified any Creeden representation that he worked "full-time" at the Bank in addition to his union role. Tr. Day 11 at 75–76, 80. What bystanders silently thought in their minds about the situation is not the same as Mr. Creeden himself misrepresenting it. He never did.

Government's Exhibits 178 and 179 are Day Force pay stubs from a third-party payroll processor, documenting compensation already approved by the board. Tr. Day 11 at 86–87. Such routine processing is not a false pretense. *See United States v. Cronic*, 900 F.2d 1511, 1513–16 (10th Cir. 1990).

### C.     No Bank ignorance was proven.

The government failed to prove beyond a reasonable doubt that the alleged scheme actually *deceived the Bank* as an institution. Instead, the evidence showed that the Bank knew, disclosed, investigated, reviewed, and approved the very arrangement the government now calls hidden. This was not hidden. It was the Bank's own arrangement.

The Bank knew everything that mattered all along. McCall testified that it was "no secret" at the Bank that Mr. Creeden was the Boilermakers' international secretary-treasurer, and the same was true for Mr. Jones. Tr. Day 12 at 21. Bank marketing presentations identified them as such to prospective depositors. Tr. Day 12 at 20–21. The Bank board therefore approved both appointments, set both salaries, and reviewed both compensation packages annually. Tr. Day 11 at 79, 111; Tr. Day 12 at 21–22. No wonder McCall recommended Mr. Creeden for a bonus in January 2023, eight months before he

resigned. Tr. Day 12 at 23–24 (Def. Ex. 3014). Until receiving a target letter, McCall had "never had a bad word to say about Bill Creeden." Tr. Day 12 at 24.

## II.    No decisional influence.

### A.    Decisional influence is required.

Materiality is an element. *Neder v. United States*, 527 U.S. 1, 25 (1999). A false statement is material when it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995). The Tenth Circuit reversed a wire-fraud conviction in *United States v. Camick*, 796 F.3d 1206, 1218–19 (10th Cir. 2015), because the false statements were "incapable of influencing" any decision. Bank fraud materiality is "identical." *United States v. Williams*, 865 F.3d 1302, 1310 n.10 (10th Cir. 2017).

### B.    No decisional influence was proven.

The government failed to prove that the alleged deception was capable of influencing the Bank's compensation decision. Instead, the evidence showed no false statement addressed to the Bank board, no induced compensation decision, and no material path from any alleged misstatement to Bank money. The paperwork *followed* the decision. It did not *make* the decision.

The Bank board was the relevant decisionmaker, and the government proved no material path from any alleged false statement to that board's compensation decision. McCall confirmed that compensation packages "would have gone, ultimately, to the board of directors," but he identified no false statement by Mr. Creeden to the board. Tr. Day 11

at 79–94, 111. Payroll records do not fill that gap because Exhibits 178 and 179 were generated after approval; they processed compensation, but did not induce it. Tr. Day 11 at 86–87. Nor was the supposedly hidden fact hidden from the board: it met monthly, supervised management, and voted Mr. Creeden "rave reviews" and bonuses every year based on Bank results. Tr. Day 12 at 21–22. A known fact cannot influence a decisionmaker who already knows it. Camick, 796 F.3d at 1219.

The LM-30 and Conflict Policy allegations do not create materiality. LM-30s are addressed to DOL. The Conflict Policy addressed union governance. Neither was capable of influencing the Bank's compensation decision.

Depositors add nothing. The government identified no depositor who received a representation from Mr. Creeden, made a compensation decision, or parted with money because of his work. McCall could not even say how many account holders the Bank had. Tr. Day 11 at 69.

## III.   No money-or-property object.

### A.   The law requires money or property as the scheme's object.

Federal fraud protects money and property, not generalized governance interests. Deception and the money-or-property requirement are independent elements. *See McNally v. United States*, 483 U.S. 350, 356, 360 (1987); *Kelly v. United States*, 590 U.S. 391, 398–404 (2020) (deception, corruption, and abuse of power are not federal fraud unless obtaining money or property is the scheme's object); *Ciminelli v. United States*, 598 U.S. 306, 315–17 (2023); *Kousisis*, 605 U.S. at 125. *Skilling v. United States*, 561 U.S. 358, 408–

11 (2010), forecloses converting conflict-of-interest theories into federal fraud absent an honest-services charge.

### B.    The LM-30 and Conflict Policy theories are not Bank property.

The government failed to prove that the LM-30 or Conflict Policy allegations had Bank money or property as their object. Instead, the evidence showed that those allegations concerned DOL reporting and union governance, not Bank compensation, Bank authorization, Bank payroll, or Bank property. Those points may sound like governance. But what matters is that they did not control Bank property.

LM-30 reports went to DOL. They were not Bank compensation approvals, board submissions, payroll authorizations, or depositor communications.

The Conflict Policy likewise addressed union governance. Tyler Brown testified that it was adopted by the Boilermakers International Executive Council and kept in union policy binders at headquarters. Tr. Day 5 at 245–47. It was not a Bank policy, compensation rule, or board procedure. Those theories therefore may supply governance atmosphere, but they do not supply Bank-property fraud.

### C.    The compensation was Bank property, lawfully deployed.

The government failed to prove that Mr. Creeden obtained Bank compensation by false pretenses. Instead, the evidence showed that the board appointed Mr. Creeden, set his salary, voted his bonuses, reviewed the arrangement in response to public criticism, and changed nothing. Tr. Day 11 at 79, 111; Tr. Day 12 at 9–10, 22, 40–41. That is the Bank

deploying its own property under its own governance — not a defendant taking Bank property by false pretenses.

### Conclusion

Rule 29 requires acquittal on Count Fifty-Three. The motion should be granted.

Respectfully submitted,

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tel: 713-228-5900
areynal@frlaw.us

Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tel: 316-265-5511
kurtpkerns@aol.com

/s/ Chad Flores
Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640
chad@chadflores.law

Attorneys for William Creeden

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all registered counsel of record on the day of its filing.

 /s/ Kurt Kerns
Kurt Kerns

10